IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT - 3 2003

| | |
|---|---|
| CHARLES WILKE, KRYSTIAN M. WNEK, PRZEMYSLAW WNEK, FRANCIS RONETTO, and JEFF SCHIERA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| JOSEPH SALAMONE, WILLIAM WILDLY and SALAMONE BUILDERS, INC., an Illinois Corporation. | ) ) ) ) |
| Defendants. | ) |

03C 6991

Case No. JUDGE MORAN

Judge

MAGISTRATE JUDGE ASHMAN

## COMPLAINT

Plaintiffs, CHARLES WILKE, KRYSTIAN M. WNEK, PRZEMYSLAW WNEK, FRANCIS RONETTO and JEFF SCHIERA, by and through their attorneys, Terrance B. McGann and Amy Elizabeth Paluch Epton, of the law firm of Whitfield and McGann, complain against Defendants JOSEPH SALAMONE, WILLIAM WILDLY, and SALAMONE BUILDERS, INC., an Illinois Corporation, as follows:

### Introduction

1. This action arises from the Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and from commission of the common law tort of retaliatory discharge.

2. Plaintiffs bring this suit as a multi-party joint action under Federal Rule of Civil Procedure Rule 20, and not as a representative action.

## Jurisdiction and Venue

3.     This Court has "federal question" subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

4.     Jurisdiction is also specially conferred pursuant to 29 U.S.C. 216(b).

5.     Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside and are domiciled within this judicial district.

## Parties

6.     Defendant JOSEPH SALAMONE is a natural person.

7.     Defendant WILLIAM WILDLY is a natural person.

8.     Defendant SALAMONE BUILDERS, INC. is an Illinois corporation.

9.     Defendants, and all of them, conduct business under an enterprise that uses the company name SALAMONE BUILDERS, INC., and under this name Defendants, and each of them, employ the Plaintiffs to do carpentry work on behalf of that enterprise.

10.     The Defendants' principal place of business is located at 1665 Des Plaines, Illinois.

11.     Defendants are engaged in the business of residential and commercial construction at various construction sites in and around the Chicago metropolitan area.

12.     Plaintiffs, and each of them, are carpenters who have been employed by Defendants to perform carpentry work in Defendants' construction business.

## Factual Allegations

13.     The Defendants are engaged in interstate commerce.

14.     On or about September 5, 2003, Defendants employed Plaintiffs at a job site known as Highlands of Lombard, in the city of Lombard, Illinois.

15.     On or about September 5, 2003, Defendant William Wildly ("Wildly") directed Plaintiffs to perform carpentry work at Highlands, that Wildly purported was needed to correct work Plaintiffs had previously performed.

16.     On or about September 5, 2003, Wildly directed Plaintiffs to perform the above-described carpentry work on the following Saturday, September 6, 2003, and directed Plaintiffs to perform the above-described carpentry work without financial compensation.

17.     On or about September 5, 2003, Wildly informed Plaintiffs that they would be terminated from their positions as carpenters, employed by Defendants, if they did not perform the above-described carpentry work without compensation.

18.     Plaintiffs refused to perform the above-described carpentry work without compensation, standing on their federal and state statutory rights to receive financial compensation for work performed.

19.     Plaintiffs complained that it was not lawful to require them to perform work without financial compensation.

20.     On or about September 8, 2003, Wildly terminated Plaintiffs from their positions as carpenters, employed by Defendants, stating the reason for termination was Plaintiffs' refusal and failure to perform the above-described carpentry work without financial compensation, as directed.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. SECTIONS 201 *et seq.*, RETALIATORY DISCHARGE FOR
## ASSERTION OF STATUTORY FLSA RIGHTS

21.     This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

22.     At all relevant times herein, Defendants, and each of them individually, were "employers" subject to the provisions of the FLSA.

23.     The violations of the FLSA arise out of the same series of transactions or occurrences.

24.     The violations of the FLSA committed by Defendants and alleged in this Complaint present common questions of law and fact.

25.     The matters set forth in this Count arise from Defendants' violation of FLSA §215(a)(3), making it unlawful to discharge employees for assertion of FLSA rights.

26.     Section 206 of the FLSA requires that all employees be paid compensation for work performed, sets a minimum payment for work, and further makes it unlawful for an employer to require employees to work for less than the minimum wage, or for no wages at all.

27.     Plaintiffs were engaged in an activity protected by the FLSA, by refusing to work without financial compensation at the time of the incidents giving rise to this lawsuit.

28.     Plaintiffs suffered the adverse employment action of job termination as a result of their protected activity.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     Defendants' re-instatement of Plaintiffs to their former positions;

B.     That this Honorable Court enter a permanent injunction as against Defendants, enjoining them from further acts of retaliation against Plaintiffs;

C.     Judgment for each Plaintiff in the amount of wages lost during the period of time that Plaintiffs were unlawfully terminated, so as to make them whole, and judgment for fringe benefits and any other ways in which this Honorable Court deems necessary to make Plaintiffs whole;

D.     Judgment for each Plaintiff for liquidated and/or punitive damages;

E.     Reasonable attorneys' fees and costs incurred in filing this action; and

F.     Such other and further relief this Court deems appropriate.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW

29.     Plaintiffs reallege and incorporate paragraphs 1 through 20 of this Complaint.

30.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

31.     The matters set forth in this Count arise from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/4. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

32.     At all times relevant herein, Defendants were "employer(s)" as defined in the IMWL and Plaintiffs were "employees within the meaning of the Act.

33.     For all work performed by Plaintiffs, for Defendants, Plaintiffs were entitled to payment of compensation, pursuant to the IMWL.

34.     Defendants violated the ILMW by demanding and requiring Plaintiffs to work without financial compensation.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     Defendants' re-instatement of Plaintiffs to their former positions;

B.     That this Honorable Court enter a permanent injunction as against Defendants, enjoining them from further acts of retaliation against Plaintiffs;

C.     Judgment for each Plaintiff in the amount of wages lost during the period of time that Plaintiffs were unlawfully terminated, so as to make them whole, and judgment for fringe benefits and any other ways in which this Honorable Court deems necessary to make Plaintiffs whole;

D.     Punitive damages pursuant to the formula set forth in 820 ILCS n105/12(a);

E.     Reasonable attorneys' fees and costs incurred in filing this action; and

F.     Such other and further relief this Court deems appropriate and just.

## COUNT III
## ILLINOIS COMMON LAW RETALIATORY DISCHARGE

35.     Plaintiffs reallege and incorporate paragraphs 1 through 20 of this Complaint.

36.     Defendants discharged Plaintiffs.

37.     Plaintiffs' discharge was in retaliation for their refusal to perform the above-described carpentry work.

38.     Plaintiffs' discharge violated a clear mandate of public policy requiring compliance with the Minimum Wage Law, by Defendants' refusal to pay wages set at a statutorily minimum rate.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.  Defendants' re-instatement of Plaintiffs to their former positions.

B.  That this Honorable Court enter a permanent injunction as against Defendants, enjoining them from further acts of retaliation against Plaintiffs;

C.  Judgment for each Plaintiff in the amount of wages lost during the period of time that Plaintiffs were unlawfully terminated, so as to make them whole, and judgment for fringe benefits and any other ways in which this Honorable Court deems necessary to make Plaintiffs whole;

D.  Judgment for each Plaintiff for liquidated and/or punitive damages;

E.  Reasonable attorneys' fees and costs incurred in filing this action; and

F.  Such other and further relief this Court deems appropriate.

Respectfully submitted,

AMY ELIZABETH PALUCH EPTON,
One of the Attorneys for the Plaintiffs

Terrance B. McGann
Amy Elizabeth Paluch Epton
WHITFIELD & McGANN
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
(312) 251-9700

Our File No. N6259
F:\AMY\Carps\N6259 - Salamone Builders\Complaint Final.doc



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DOCKETED

OCT - 3 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

03C 6991

**Plaintiff(s): CHARLES WILKE, KRYSTIAN M. WNEK, PRZEMYSLAW WNEK, FRANCIS RONETTO, and JEFF SCHIERA**

County of Residence: COOK

Plaintiff's Atty:  Ms. Amy Elizabeth Paluch Epton
Whitfield & McGann
2 N. LaSalle St., Suite 1601
Chicago, IL 60602
312-251-9700

**Defendant(s):JOSEPH SALAMONE, WILLIAM WILDLY and SALAMONE BUILDERS, INC., an Illinois Corporation**

County of Residence:

Defendant's Atty:

JUDGE MORAN

MAGISTRATE JUDGE ASHMAN

**II. Basis of Jurisdiction:**    **3. Federal Question (U.S. not a party)**

**III. Citizenship of Principal Parties (Diversity Cases Only)**
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin :**    **1. Original Proceeding**

**V. Nature of Suit:**    **710 Fair Labor Standards Act**

**VI.Cause of Action:**    **Fair Labor Standards Act - Retaliatory Discharge**

**VII. Requested in Complaint**
Class Action:**No**
Dollar Demand:**Reinstatement and Back Pay**
Jury Demand:

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: October 2, 2003

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

CHARLES WILKE, KRYSTIAN M. WNEK, PRZEMYSLAW
WNEK, FRANCIS RONETTO, and JEFF SCHIERA

v.

JOSEPH SALAMONE, WILLIAM WILDLY and SALAMONE
BUILDERS, INC., an Illinois Corporation

03C 6991
JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

Case Number:

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME **Amy Elizabeth Paluch Epton** | NAME |
| FIRM **Whitfield & McGann** | FIRM |
| STREET ADDRESS **2 N. LaSalle Street, Suite 1601** | STREET ADDRESS |
| CITY/STATE/ZIP **Chicago, Illinois 60602** | CITY/STATE/ZIP |
| TELEPHONE NUMBER **(312) 251-9700** | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) **6278817** | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES   NO | MEMBER OF TRIAL BAR?   YES   NO |
| TRIAL ATTORNEY?   YES   NO | TRIAL ATTORNEY?   YES   NO |
|  | DESIGNATED AS LOCAL COUNSEL?   YES   NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES   NO | MEMBER OF TRIAL BAR?   YES   NO |
| TRIAL ATTORNEY?   YES   NO | TRIAL ATTORNEY?   YES   NO |
| DESIGNATED AS LOCAL COUNSEL?   YES   NO | DESIGNATED AS LOCAL COUNSEL?   YES   NO |