IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES WILKE, et al.,                )
                                      )
        Plaintiffs,                   )
                                      )
    vs.                               )   No. 03 C 6991
                                      )
JOSEPH SALAMONE, et al.,              )
                                      )
        Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Both plaintiffs and defendants have submitted *motions in limine*. We rule upon them as follows.

1. Plaintiffs' motion to bar any testimony by defendants as to plaintiffs' allegedly poor quality workmanship on the soffits is denied. There is nothing to suggest that photographs were intentionally destroyed or that they disappeared due to a bad faith effort to conceal evidence. Plaintiffs may of course cross-examine about the failures of defendants to preserve the photographs.

2. Plaintiffs motion for an order giving Seventh Circuit Pattern Jury Instruction 1.04 on defendants destruction of plaintiffs' performance evaluations is denied. Again, assuming there were such evaluations, there is nothing to suggest that they were intentionally destroyed or concealed in bad faith. Further, we do not understand defendants to be claiming that plaintiffs had previously done substandard work.

3. The motion to bar references to Charles Wilke's family issues on counseling is granted, without objection by defendants.

4. The motion to bar references to Charles Wilke's community service requirement is granted in part and denied in part. Instead of describing it as community service, the witness

should refer to it as another obligation that he had to honor.

5. The motion to bar testimony relating to plaintiff Krystian Wnek's disciplinary report is granted, without objection by defendants.

6. Defendants' motion to cut off plaintiffs' claim for reinstatement and to bar plaintiffs' claim for back pay and front pay damages is denied. Defendants' offer is admissible, as is any evidence concerning whether plaintiffs would have been kept busier than they actually were. And plaintiffs may explain why they did not accept the offer. If the jury finds liability, it is up to them to determine what income was lost as a result of defendants' conduct, or as a result of a plaintiff's conduct.

7. Defendants' *motion in limine* to bar evidence and/or testimony regarding Daniel Turner's workers' compensation claim is granted. We conclude that what happened to someone else on another occasion is not sufficiently related to the claim here.

8. Defendants' motion to bar evidence and/or testimony that plaintiffs were "blackballed" is granted. It is our understanding that there is no evidence that defendants sought to impair plaintiffs' ability to find work. Plaintiffs may of course testify about unsuccessful efforts to find work, but speculation about the reason for the lack of success is inadmissible.

9. Defendants' motion to bar evidence relating to the residential or commercial nature of the project is denied. It may well bear on damages.

10. Defendants' motion to bar evidence and/or testimony regarding unpaid time on other occasions is denied, but is subject to a limiting instruction. It may well bear on plaintiffs' perceptions and routine practice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 8, 2006.